IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANTRELL MATTHEW PETERSON    *<br>  #1209956<br>                                                        *<br>         Plaintiff<br>    v.                                                  *   CIVIL ACTION NO. L-11-2985<br>                                                        *<br>ANNE ARUNDEL COUNTY          *<br> DETENTION CENTER, et al.<br>                                                        *<br>         Defendants | |

MEMORANDUM

Dantrell Matthew Peterson ("Peterson"), presently confined at the Anne Arundel County Detention Center, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants subjected him to harm by refusing him medical treatment, bathing and an opportunity to clean his living area after a fellow prisoner spattered his cell with feces.[1] ECF No. 1. The County Defendants have filed a Motion to Dismiss for Failure to State a Claim or in the Alternative, Motion for Summary Judgment, as supplemented, ECF Nos. 6 and 11, which shall be treated as a motion for summary judgment. Plaintiff has failed to respond.[2]

---

[1] Plaintiff also names the offending inmate, Christopher Ferrara, in the Complaint. The United States Constitution protects individual rights from government action. To state a civil rights claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under the color of state law. See West v Atkins, 487 U.S. 42, 48 (1988). Whether a person is subject to suit turns upon whether the alleged infringement of federal rights is fairly attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). In this case, there is no suggestion that Ferrara acted under color of state law. Ferrara's actions were personal in nature. Consequently, Ferrara is entitled to dismissal from this civil rights lawsuit.

[2] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Clerk on November 14, 2011, informed Plaintiff that dispositive motions had been filed, that Plaintiff had 17 days in which to file written opposition to the motions, and if Plaintiff failed to respond, the case could be dismissed without further notice. ECF No. 7. Plaintiff was given additional time to respond following the Court Order requiring supplemental information from Defendants. ECF No. 10. A response has not been forthcoming.

**I.     Standard of Review**

**Motion for Summary Judgment**

Fed. R. Civ. P. 56(a) provides that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

**II.     Analysis**

In their dispositive motion, Defendants raise the affirmative defense that Plaintiff has failed to fully exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") generally requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His case must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. See Chase v. Peay, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. Id. at 530; see also Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after the prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003), abrogated on other grounds by Woodford v. Ngo, 548 U.S. 81 (2006) (noting that a prisoner must appeal administrative rulings "to the highest

possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not also seek judicial review); Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process).

At the Anne Arundel County Jennifer Road Detention Center, prisoners may file a grievance if unable to solve their concerns informally.  ECF No. 11, Ex. 4 at 1.  The filing of a formal grievance triggers investigation and a written response is provided to the prisoner within seven business days.  If the prisoner disagrees with the response, he or she may file a second-level grievance, which triggers further investigation and response.[3]  Id., Ex. 4 at 2.

Plaintiff filed an initial grievance, triggering an investigation and response.  He did not file a second-level grievance to contest the findings reached after the initial investigation.  He has failed to exhaust available administrative remedies and, as a result, Defendants are entitled to summary judgment in their favor.  A separate Order follows.

January 19, 2012

/s/
_____
Benson Everett Legg
United States District Judge

---

[3] A third level of appeal exists for certain categories of grievances not at issue here.  Id.